**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN GARDUNO-LOPEZ; FIDELA GARDUNO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-74785 <br><br> Agency Nos. A099-457-059 <br> A099-457-060 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Juan Garduno-Lopez and Fidela Garduno, natives and citizens of Mexico,

petition for review of the Board of Immigration Appeals' ("BIA") order denying

their motion to reopen proceedings. We have jurisdiction under 8 U.S.C. § 1252.

We review for abuse of discretion the denial of a motion to reopen, and review de

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo claims of ineffective assistance of counsel. *See Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

To the extent we have jurisdiction to review the BIA's denial of petitioners' motion to reopen, *see Fernandez v. Gonzales*, 439 F.3d 592, 601 (9th Cir. 2006), we conclude the BIA did not abuse its discretion in doing so based on the new evidence of hardship, because the BIA considered the evidence of the U.S. citizen children's mood disorders, and acted within its broad discretion in determining the evidence was insufficient to establish prima facie eligibility for cancellation of removal. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law").

Nor did the BIA abuse its discretion in denying petitioners' motion to reopen based on the claim that prior counsel provided ineffective assistance, where they did not establish that evidence of their children's problems was available previously. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (to prevail on ineffective assistance of counsel claim, alien must demonstrate prejudice).

**PETITION FOR REVIEW DENIED**.